UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY R. T.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 2:25-CV-2506-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of her applications for supplemental security income ("SSI").[1] The Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating the medical opinion evidence. Had the ALJ properly considered this medical opinion, the ALJ may have found that Plaintiff's residual functional capacity ("RFC") should have included additional limitations, or the ultimate determination of disability may have changed. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. §

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

405(g) to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

## I.    Procedural History

Plaintiff filed her application for SSI on August 14, 2020, alleging disability as of January 1, 2006. Dkt. 7, Administrative Record ("AR") 17, 128. Her claim was denied initially on December 23, 2020, and upon reconsideration on August 17, 2021. AR 139, 145. The matter came on for hearing on September 6, 2022, before ALJ Glenn G. Meyers, who entered a decision concluding that Plaintiff was not disabled on September 20, 2022. AR 26. The Appeals Council denied Plaintiff's request for review on September 26, 2023, making ALJ Meyers' decision the Commissioner's final decision subject to judicial review. AR 964.

On November 27, 2023, Plaintiff filed a complaint in the United States District Court for the Western District of Washington, seeking judicial review of the September 20, 2022, decision. AR 970. On April 29, 2024, United States Magistrate Judge S. Kate Vaughan entered an order reversing and remanding the September 20, 2022, decision. AR 983. Upon remand from the Appeals Council, AR 993, the matter came on for another hearing before ALJ Cecilia LaCara ("the ALJ") on July 14, 2025, who issued a decision, once again, denying Plaintiff's claim, on August 20, 2025. AR 910. From this decision, Plaintiff filed a complaint with this Court on December 11, 2025, seeking judicial review of the ALJ's decision denying benefits. Dkt. 4.

## II.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

## III.   Discussion

On appeal, Plaintiff argues that the ALJ erred: (1) in discounting Plaintiff's subjective symptom testimony; (2) in her evaluation of the medical opinion evidence; and (3) that Plaintiff is entitled to an immediate award of benefits. Dkt. 10 at 1.

A.   <u>Medical Opinion Evidence</u>

First, Plaintiff argues that the ALJ erred in evaluating the medical opinion of Dr. James Babington. Dkt. 10 at 11.

For SSI applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJ's "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] Rather, ALJ's must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* The

---

[2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). A medical opinion is more "supportable," and therefore more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for their medical opinion. *Id.* "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2).

Critically, an ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792. Indeed, "[i]f a claimant has submitted evidence of a severe impairment, we analyze an ALJ's step-two denial by asking whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments." *Glanden v. Kijakazi*, 86 F.4th 838, 844 (9th Cir. 2023) (internal quotation marks and citation omitted).

Dr. Babington opined, *inter alia*, that Plaintiff could stand and/or walk for three hours per day; could sit for three hours per day; could lift and/or carry fifteen pounds occasionally and

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

eight pounds frequently; and would miss eight to ten days of work per month due to her functional limitations. AR 1594–95. The ALJ did "not find the opinion of Dr. Babington persuasive." AR 908.

As for consistency, the ALJ found that Dr. Babington's opinion was:

> out of proportion to and not corroborated by the longitudinal record to include, for example, [Plaintiff]'s frequently benign presentation, which does not corroborate her pain or fatigue complaints; her failure to fully comply with treatment recommendations; self-completed questionnaires indicating that her condition does not significantly interfere with her functioning[;] treatment notes describing her condition as stable; and the often-normal or near normal findings on physical examination showing a full range of motion in her upper and lower extremities; grossly intact strength with no muscle atrophy; normal neurological functioning; normal heart and lungs; and a normal gait and station do not corroborate the severity or frequency of [Plaintiff]'s allegations and suggest that she retains greater functioning than alleged and opined by Dr. Babington.

AR 908–09.

Despite this analysis, however, the Court first observes that the ALJ's finding that Plaintiff "fail[ed] to fully comply with treatment recommendations" is not supported by substantial evidence. *Id.* In fact, as Plaintiff notes, "the evidence of Plaintiff's three abdominal surgeries is arguably the most pertinent objective evidence of record with respect to Plaintiff's pelvic and abdominal pain complaints." Dkt. 13 at 2.

Plaintiff underwent exploratory laparoscopy surgery, then had cysts removed from her ovaries, and finally, a hysterectomy, due to her abdominal and pelvic pain. AR 472, 504, 564, 569. In the decision, however, the ALJ failed to discuss the evidence of Plaintiff's exploratory laparoscopy surgery, writ large, and made one reference to "post-ovary removal surgery with residual pain and discomfort" and "pelvic pain status post hysterectomy and cyst removal[,]" but did not discuss these surgeries further there, or elsewhere in the decision. AR 904–10. This was error, because it is fundamental that an ALJ may not reject "significant probative evidence"

without explanation—and is particularly egregious in this instance in light of the remand order instructing the ALJ to give further consideration to any abdominal impairments. *See* AR 899, 986; *see also Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Moreover, to the extent the ALJ found Plaintiff's failure to fully comply with treatment recommendations inconsistent with Dr. Babington's opinion—notwithstanding Plaintiff's three surgeries to treat her abdominal and pelvic symptoms—the ALJ identifies no treatment modalities that Plaintiff failed to pursue in treating her abdominal and pelvic pain. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to [their] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Next, the ALJ cites to "B5F7-11" a "Modified Oswestry Survey" from October 30, 2020, to support her contention that Plaintiff's own "questionnaires indicat[e] that her condition does not significantly interfere with her functioning." AR 706, 908. To the contrary, in filling out this check-box form, Plaintiff indicated that "[p]ain prevents [her] from walking more than 1/4 mile . . . [Plaintiff] can only sleep well by using pain medication . . . [and that Plaintiff] hardly ha[d] any social life because of [her] pain." AR 706. Plaintiff also reported that "[d]uring the past 4 weeks" her pain "interfere[d] with [her] normal work" "quite a bit." AR 707.

Similarly, the ALJ cites to "B5F 27-30" a "VR-12 Health Survey" from September 2020 to support her finding that Dr. Babington's opinion was not persuasive. AR 908–10. Nonetheless, upon review, the Court observes that this questionnaire reveals Plaintiff indicated that she was "limited in the kind of work or other activities" "most of the time[,]" and that she "[a]ccomplished less than [she] would like" "all of the time." AR 727. Despite the ALJ's findings regarding Plaintiff's 2020 questionnaires—which the ALJ relies upon in decision

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

denying benefits—the longitudinal record, generally, and the questionnaires themselves, do not indicate that Plaintiff has self-reported that her condition "does not significantly interfere with her functioning." AR 909, 706, 727. Here, the ALJ appears to have engaged in "cherry-picking" this medical evidence in discounting Dr. Babington's opinion, because this finding was inconsistent with other evidence *within the questionnaires*, and the longitudinal record as a whole. *See Garrison*, 759 F.3d at 1017 n.23 (internal quotation marks and citation omitted) (holding that an ALJ may not "cherry-pick from those mixed results to support" a denial of the claimant's claim).

Finally, the Court observes that the "near normal findings on physical examination[,]" "stable condition" and "benign presentation" that the ALJ relies upon, including "full range of motion in [Plaintiff's] upper and lower extremities; grossly intact strength with no muscle atrophy; normal neurological functioning; normal heart and lungs; and a normal gait and station" are not inconsistent with Dr. Babington's opinion. *Cf.* AR 908, 1594–95. Moreover, these findings do not contemplate Plaintiff's *abdominal and pelvic pain*—the impetus for Plaintiff's three surgeries—which is exhaustively chronicled throughout the longitudinal record, and absent from the ALJ's decision, again, despite the remand order instructing the ALJ to consider Plaintiff's abdominal and pelvic pain. AR 86, 472, 496, 564–65 (observing Plaintiff had "[o]ngoing deep pelvic pain[,] [i]t is still present after surgery"), 662 (observing "chronic abdominal pain" in Plaintiff's medication regimen), 986. For these reasons, the Court concludes that the ALJ erred in rejecting Dr. Babington's medical opinion as inconsistent with the longitudinal record because the ALJ's findings are not supported by substantial evidence.[3]

---

[3] The Court also notes it cannot identify in the ALJ decision where and to what extent the ALJ addressed the supportability of the Dr. Babington's opinion or where and to what extent the ALJ addressed supportability in her analysis of *any* of the medical opinion evidence in the record. AR 906–08. This was error, because the regulations require—"[w]e will explain"—the ALJ to articulate how they "considered the supportability and consistency factors

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

Applying the harmless error analysis, here, the ALJ's error is not harmless because, had the ALJ properly considered the medical opinion evidence of Dr. Babington, the RFC or Plaintiff's ultimate determination of disability may have changed. *See Stout*, 454 F.3d at 1055; *Molina*, 674 F.3d at 1115. Considering the ALJ's failure to properly consider the medical opinion evidence, the Court concludes that this matter must be remanded to the Social Security Administration for further proceedings consistent with this order.

In light of this disposition, the Court need not address Plaintiff's remaining argument regarding her subjective symptom testimony because, on remand, the ALJ is instructed to reconsider the entire Social Security evaluation process, including all of the medical opinion evidence, and Plaintiff's subjective symptom testimony.

**IV.    Conclusion**

Based on the foregoing reason and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for further administrative proceedings, consistent with this order.

Dated this 5th day of June, 2026.

David W. Christel
United States Magistrate Judge

---

for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) (emphasis added).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8